**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

THOMAS P. CZACH,                              *

     **Plaintiff,**                              *

v.                                           *          **Case No.: DLB-20-125**

INTERCONTINENTAL HOTELS GROUP   *
RESOURCES, LLC, *et al.*,

                                   *

     **Defendants.**                              *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION AND ORDER

In this premises liability lawsuit, Thomas P. Czach claims that InterContinental Hotels Group Resources, LLC ("IHG Resources"), HH Annapolis LLC ("HH Annapolis"), HHC TRS Baltimore II LLC ("HHC TRS"), and Remington Lodging & Hospitality ("Remington Lodging") are liable for the damages he suffered after two individuals assaulted him in a hotel the defendants owned, operated, and managed. Am. Compl. ¶¶ 10–13 & 20, ECF No. 26.[1] Pending before the Court are IHG Resources' motion to dismiss or for summary judgment, ECF No. 29, and HH Annapolis, HHC TRS, and Remington Lodging's motion to dismiss or for summary judgment, ECF No. 36. Because the Court finds there is no genuine dispute of material fact that IHG Resources cannot be held liable for the alleged negligence, IHG Resources' motion for summary judgment is granted. The motion to dismiss filed by HH Annapolis, HHC TRS, and Remington Lodging is denied, because Czach's claims against them were timely filed.

---

[1] Plaintiff listed all defendants as "d/b/a Crowne Plaza Hotels." *See* Am. Compl. 1; Compl., ECF No. 5. Defendants assert that their names do not include "d/b/a Crowne Plaza Hotels." New Defs' Mot. to Dismiss 1, ECF No. 36. The Court refers to defendants without the extension "d/b/a Crowne Plaza Hotels."

I.       **Background**

On July 22, 2016, Thomas P. Czach was a guest at the Crowne Plaza Annapolis Hotel ("Hotel") located at 173 Jennifer Road, Annapolis, Maryland.  Am. Compl. ¶¶ 13–14.  He alleges that, at approximately 10:30 p.m., he allowed a former employee of the Hotel and another individual into his room, believing that they were hotel guests.  *Id.* ¶¶ 15–17, 20.  Czach claims that the two of them then "tied him up, burned him with a clothes iron, and threatened [him] with severe bodily harm." *Id.* ¶ 20.[2]

On July 19, 2019, Czach filed suit against IHG Resources, Ashford Hospitality Trust, Inc. ("Ashford"), and Remington Hotels, LLC ("Remington Hotels") (collectively, "original defendants") in the Circuit Court for Anne Arundel County, Maryland.  Compl. ¶¶ 1–4, ECF No. 5; State Ct. Docket, ECF No. 1-7.[3]  His six-count complaint included claims for negligent security and negligent hiring, retention, training, and/or supervision.  On January 15, 2020, the original defendants removed the case to this Court.  ECF No. 1.  Two weeks later, they filed a motion to dismiss or for summary judgment.  They argued that they were not the proper defendants because none of them owned, operated, or had control over the Hotel.  Original Defs.' Mot., ECF No. 22; *see* Original Defs.' Mem., ECF No. 22-1.

On February 19, 2020, Czach amended his complaint to name the proper defendants.  He replaced Ashford and Remington Hotels with HH Annapolis, HHC TRS, and Remington Lodging.

---

[2] For purposes of the pending motions, the defendants do not dispute the alleged incident in the Hotel.  As for the facts material to IHG Resources' motion for summary judgment, the Court "view[s] the facts and inferences drawn from the facts in the light most favorable to . . . the nonmoving party." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 205 (4th Cir. 2019) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 958 (4th Cir. 1996)).  In resolving the motion to dismiss, the Court "accept[s] as true all of the factual allegations contained in the complaint and draw[s] all reasonable inferences in favor of the plaintiff." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016)).

[3] Plaintiff incorrectly named Ashford as "Ashcroft Hospitality Trust, Inc."

ECF No. 26.  IHG Resources remained a defendant.  After filing his amended complaint, Czach

also filed a response to the original defendants' motion to dismiss or for summary judgment.  ECF

No. 27.  He acknowledged Ashford and Remington Hotels were not proper defendants but insisted

IHG Resources could be held liable for negligence.  *Id.*  The original defendants filed a reply.  ECF

No. 28.

On March 4, 2020, IHG Resources filed a motion to dismiss the amended complaint or for

summary judgment.  IHG Mot., ECF No. 29; *see* IHG Mem., ECF No. 29-1.  Czach did not

respond, and the time for doing so has passed.  *See* Loc. R. 105.2(a).  In light of Czach's amended

complaint eliminating Ashford and Remington Hotels as defendants and IHG Resources' motion

to dismiss the amended complaint, the original defendants' motion to dismiss the complaint is

moot and will be denied as such.

On April 6, 2020, approximately 47 days after filing his amended complaint, Czach served

the three new, properly named defendants, HH Annapolis, HHC TRS, and Remington Lodging.

ECF Nos. 33–35.  On July 2, 2020, they filed a motion to dismiss the amended complaint or for

summary judgment.  Defs.' Mot., ECF No. 36; *see* Defs.' Mem., ECF No. 36-1.  Czach filed a

response in opposition.  ECF No. 37.  HH Annapolis, HHC TRS, and Remington Lodging filed a

reply.  ECF No. 40.  A hearing is not necessary.  *See* Loc. R. 105.6.

II.    **Standards of Review**

The defendants filed their motions to dismiss pursuant to Federal Rule of Civil Procedure

12(b)(6), and they moved in the alternative for summary judgment.  IHG Mem. 5–7; Defs.' Mem.

7, 8–10.  A Rule 12(b)(6) motion challenges "the legal sufficiency of a complaint" on the grounds

that, "even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law 'to state

a claim upon which relief can be granted.'"  *Thomas-Lawson v. Koons Ford of Balt., Inc.*, No.

SAG-19-3031, 2020 WL 1675990, at *2 (D. Md. Apr. 6, 2020) (citing *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017)); *see* Fed. R. Civ. P. 12(b)(6).  A complaint is sufficient if it "contain[s] 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Cooke v. Caliber Home Loans, Inc.*, No. 18-3701-PWG, 2020 WL 1434105, at *3 (D. Md. Mar. 24, 2020) (quoting Fed. R. Civ. P. 8(a)(2)).  When resolving a motion to dismiss, the Court "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))).  If, however, an affirmative defense such as the statute of limitations "'clearly appears on the face of the complaint,' . . . the Court may rule on that defense when considering a motion to dismiss." *Skibicki v. Fairmont Plaza*, No. PWG-17-1366, 2018 WL 3862252, at *2 (D. Md. Aug. 14, 2018) (quoting *Kalos v. Centennial Sur. Assocs.*, No. CCB-12-1532, 2012 WL 6210117, at *2 (D. Md. Dec. 12, 2012)); *see Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000).

When the parties present evidence with their briefs on a Rule 12(b)(6) motion and the Court considers it, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Summary judgment is appropriate when the moving party establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  To meet its burden, the party must identify "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" in support of its position. Fed. R. Civ. P. 56(c)(1)(A).  Then, "[t]o avoid summary judgment, the opposing party

must set forth specific facts showing that there is a genuine issue for trial." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 205 (4th Cir. 2019) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  The opposing party must identify more than a "scintilla of evidence" in support of its position to defeat the motion for summary judgment.  *Anderson*, 477 U.S. at 251.  Although "a court should not weigh the evidence," *Perkins*, 936 F.3d at 205 (quoting *Anderson*, 477 U.S. at 249), if "a party fails to establish the existence of an element essential to that party's case" or "'the record taken as a whole could not lead a rational trier of fact to find for the non-moving party,'" then summary judgment is proper, *id.* (quoting *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

## III.   Discussion

### A. Claims against IHG Resources

Czach brings two negligence claims against IHG Resources: negligent security (Count I) and negligent hiring, retention, supervision, and/or training (Count II).  Am. Compl. ¶¶ 21–35.  IHG Resources contends it is not a proper defendant because it did not own, control, operate, or manage Crowne Plaza Annapolis Hotel or the other defendants, and it did not "do business as 'Crowne Plaza Hotels.'"  IHG Mem. 4.  For that reason, IHG Resources argues it should be dismissed from the case or judgment should be granted in its favor.  Czach did not file an opposition to IHG Resources' motion to dismiss the amended complaint or for summary judgment, and he did not meaningfully respond to this argument in his opposition to the original defendants' motion to dismiss.  Pl.'s Opp'n to Mot. to Dismiss Compl. 11 (arguing only that "Crowne Plaza Annapolis is referred to as an 'IHG Hotel'").  Neither party has cited any case law in support of its position.

### 1. *Theories of Actual and Apparent Agency*

To determine whether IHG Resources is a proper defendant, the Court must consider its relationship with the Hotel and the defendants, because any liability of IHG Resources for the Hotel's allegedly negligent acts would be based on actual or apparent agency between the entities. *See Stenlund v. Marriott Int'l, Inc.*, 172 F. Supp. 3d 874, 883–84, 887 (D. Md. 2016). To determine whether an actual agency relationship exists between IHG Resources and the Hotel or its owner, operator, or manager under Maryland law, the "primary" consideration is "the parties' intent, as evidenced by their agreements and actions." *Green v. H & R Block, Inc.*, 735 A.2d 1039, 1049 (Md. 1999). The Court also considers factors such as "(1) the agent's power to alter the legal relations of the principal; (2) the agent's duty to act primarily for the benefit of the principal; and (3) the principal's right to control the agent." *Id.* at 1048–1049. The relationship may "be created by express agreement or by inference from the acts of the agent and principal." *Id.* at 1047–48. The law distinguishes between servants and agents, which differ in the degree of control the principal has over them. "[A] principal is not liable for any physical injury caused by the negligent conduct of his agent, who is not a servant, during the performance of the principal's business, unless the act was done in the manner authorized or directed by the principal, or the result was one authorized or intended by the principal." *Id.* at 1051; *see Stenlund*, 172 F. Supp. 3d at 884 (quoting *Green*). A party claiming that a principal is negligent based on its agent's conduct "has the burden of proving the existence of the principal-agent relationship, including its nature and extent." *Green*, 735 A.2d at 1048.

If there is no actual agency, a plaintiff may rely on apparent agency to establish a defendant's liability. *See Stenlund*, 172 F. Supp. 3d at 887. The elements of apparent agency are "both subjective and objective." *Id.* (quoting *Bradford v. Jai Med. Sys. Managed Care Orgs., Inc.*,

93 A.3d 697, 707 (Md. 2014)).  Under the subjective prong, a plaintiff must demonstrate (1) "that [he] subjectively believed that an . . . agency relationship existed between the apparent principal and the apparent agent," and (2) "that the plaintiff relied on that belief in seeking [services] from the apparent agent."  *Id.* (quoting *Bradford*, 93 A.3d at 707).  Under the objective prong, he must prove the third element, "that the apparent principal created or contributed to the appearance of the agency relationship and that the plaintiff's subjective belief was 'justifiable' or 'reasonable' under the circumstances."  *Id.* (quoting *Bradford*, 93 A.3d at 707); *see also N. Am. Title Ins. Co. v. Md. Ins. Admin.*, No. 2391, Sept. Term, 2016, 2018 WL 4148622, at *9 (Md. Ct. Spec. App. Aug. 29, 2018), *cert. denied sub nom. N. Am. Title Ins. v. Md. Ins. Admin.*, 198 A.3d 222 (Md. 2018) (stating elements from *Bradford*).  Significant to this case, under Maryland law, "centralized reservation services and uniform product branding do[e]s not create an objectively reasonable expectation that a parent company is the apparent principal of a particular chain outlet location." *Stenlund*, 172 F. Supp. 3d at 888.

*Stenlund* is instructive.  In that case, the plaintiff sustained injuries when she tripped and fell at the Panama City Marriott Hotel ("Panama hotel").  She sued Marriott International, Inc. ("Marriott") for negligence.  172 F. Supp. 3d at 877.  Marriott moved for summary judgment, arguing that it did not have an agency relationship with the Panama hotel.  *See id.*  The Court found that Marriott's control over the Panama hotel involved only "(1) providing 'routine corporate and regional services' including 'executive supervision and support' and 'general expertise and general operational assistance' with respect to areas such as executive supervision, employee relations, research and development, insurance, life safety, accounting controls, and internal auditing"; "(2) providing '. . . training programs' for . . . Hotel employees"; and (3) "requir[ing] that the Hotel use Marriott International's Reservations System, Property Management System, and other Marriott

Chain hotel systems." *Id.* at 884.  It concluded that "[t]his minimal oversight . . . is far from that which is necessary to deem Marriott International the 'master' of Hotel Properties, or even its subsidiary, Marriott Services, with respect to their management and operation of the Hotel . . . ." *Id.* at 885.  Further, there was no evidence on the record before the Court that Marriott "controlled the instrumentality that caused Plaintiff's injury, *i.e.*, the cord that was draped over a staircase [where plaintiff tripped], or that it had 'the right to control and direct [Hotel Properties] in the performance of [its] work.'"  *Id.* (quoting *Chevron, U.S.A., Inc. v. Lesch*, 570 A.2d 840, 844 (Md. 1990)).  Therefore, plaintiff had not established actual agency.

The Court next considered whether plaintiff established apparent agency.  The plaintiff, in an attempt to establish the subjective prong of apparent agency, "submitted an affidavit indicating that she and her husband chose to stay in the Hotel because they are members of Marriott International's Reward Program, and, when they looked online 'at various Marriott website portals,' they saw promotions for the Marriott Hotel in Panama City, Panama," and "'[i]t was [her] understanding that the location [she and her husband] visited was owned and operated by Marriott.'"  *Id.* at 881–82.  She also submitted "website pages that were 'representative of the website pages that [she and her husband] saw and relied upon in making [their] decision to go to the [Panama] Hotel.'"  *Id.* at 881.

Without determining whether the plaintiff established the subjective prong, the Court turned to the objective prong and concluded that, notwithstanding "any subjective expectation that Plaintiff had regarding whether the Casino was owned or controlled by Marriott International," the plaintiff failed to prove the objective element of apparent agency.  *Id.* at 888–89.  In reaching this conclusion, it discussed *Chevron, U.S.A., Inc.*, 570 A.2d 840, in which the Maryland Court of Appeals rejected the plaintiffs' argument that "a national oil company, Chevron, U.S.A., could be

liable in negligence as the apparent principal of an employee of a car repair shop located at a gas station called 'Walker's Chevron, Inc.'" *Stenlund*, 172 F. Supp. 3d at 889.  The Maryland court concluded that "distinctive colors and trademark signs . . . displayed at gasoline stations" did not justify a belief that the station was the agent of national company. *Id.* (quoting *Chevron*, 570 A.2d at 846).  Based on that holding, this Court concluded that "the fact that the Hotel used Marriott's trade name and trademarks and that reservations for the hotel were made through a central reservation system would not satisfy the objective element required to demonstrate the existence of an apparent agency." *Id.*  The Court granted summary judgment in favor of Marriott.

## 2.  *Analysis*

IHG Resources and Czach filed exhibits in support of their respective positions.  IHG Resources' exhibits included an affidavit of Carolyn Dinberg, one of its vice presidents.  ECF No. 29-3.  Czach's exhibits included a November 2, 2015 IHG news release.  ECF No. 27-2.  Because the Court considers these exhibits, IHG Resources' motion will be treated as a summary judgment motion.  *See* Fed. R. Civ. P. 12(d).

The Court first will address actual agency.  Dingberg's affidavit establishes that IHG Resources had no "license agreement for, or ownership interest in" the Hotel, did not "franchise, own, operate, maintain, manage, or control the day to day operations of the Hotel," had no agents working at the Hotel on the date in question, and "had no agency involvement with any owner or operator of the Hotel."  Dinberg Aff. ¶¶ 4, 5, 9, 10.  Czach has not provided any evidence on which the Court could find an actual agency relationship between IHG Resources and the Hotel or the defendants.  *See Stenlund*, 172 F. Supp. 3d at 884–85.

The Court next addresses apparent agency.  Czach attached to his opposition to the original defendants' motion to dismiss a November 2, 2015 IHG news release.  The release reported that

"InterContinental Hotels Group (<u>IHG</u>), one of the world's leading hotel companies, announce[d] the conversion of the 196-room <u>Crowne Plaza</u> Annapolis hotel in Maryland, located a short distance from the United States Naval Academy and the Maryland State House."  IHG News Release 1 (emphasis in original).  Czach asserts that the news release appeared on IHG's website.[4] Pl.'s Opp'n to Mot. to Dismiss Compl. 2.  The news release stated:

> The hotel, located at 173 Jennifer Road, is owned by Ashford Hospitality Trust and managed by Remington Hotels. The Crowne Plaza brand is part of IHG's diverse family of brands in nearly 100 countries and territories . . . .   Reservations can be made by calling 1-877-2 CROWNE or by going to IHG.com/CrownePlaza. Crowne Plaza hotels participate in IHG® Rewards Club.
> . . .
> Part of the IHG global portfolio, the Crowne Plaza Hotels & Resorts brand is a dynamic upscale hotel brand located in nearly 65 countries around the world in major urban centers, gateway cities and resort destinations.

IHG News Release 2.  This news release on IHG's website is insufficient to establish that Czach believed the Hotel was IHG Resources' agent.  *See Stenlund*, 172 F. Supp. 3d at 888.  Moreover, Czach has not alleged or submitted an affidavit or any other evidence that he knew about the news release when he made his reservation or that he made the reservation in reliance on a belief that he was reserving a room at a hotel owned or operated by IHG Resources.  *See DiFederico v. Marriott Int'l, Inc.*, 130 F. Supp. 3d 986, 992–93 (D. Md. 2015) ("There is simply no evidence in the record before this Court that Mr. DiFederico made his decision to stay at the Hotel as a result of the existence of the Marriott brand or his reliance upon the adequacy of Marriott's security procedures.").  Accordingly, even if it were reasonable for someone to believe there was an agency relationship between the Hotel and IHG Resources based on the IHG news release, Czach has not

---

[4] InterContinental Hotels Group PLC, or IHG, is the parent company of IHG Resources; it is not a defendant in this lawsuit.  IHG Resources Loc. R. 103.3 Disc., ECF No. 13.  Czach acknowledged this relationship in his opposition to the motion to dismiss his original pleading, but he amended his complaint without naming InterContinental Hotels Group PLC.  Pl.'s Opp'n to Mot. to Dismiss Compl. 3; Am. Compl.

established that he believed such a relationship existed or that he relied on his belief in an agency relationship when he made his reservation. *Cf. id.* at 992–93. As a result, Czach has not offered any evidence to refute IHG Resources' evidence that it did not have an agency relationship with the defendants.

Czach argued in his opposition to defendants' motion to dismiss his original complaint that he "should be permitted to conduct discovery to determine the reason the Crowne Plaza Annapolis is referred to as an 'IHG Hotel'" and "to discover if a different parent or subsidiary of Intercontinental Hotels Group Re[s]ources, LLC is the proper party." Pl.'s Opp'n to Mot. to Dismiss Compl. 11. Under Rule 56(d), if a nonmovant such as Czach "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d); *see McClure v. Ports*, 914 F.3d 866, 874 (4th Cir. 2019) (quoting Fed. R. Civ. P. 56(d)). The Fourth Circuit "'place[s] great weight on the Rule 56([d]) affidavit' and . . . '[a] reference to Rule 56([d]) and the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for a Rule 56([d]) affidavit.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)). Thus, if a party does not file a Rule 56(d) affidavit, that "failure . . . is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate." *Id.* (quoting *Evans*, 80 F.3d at 961). Czach did not file a Rule 56(d) affidavit in response to IHG Resources' motion.

The Court may overlook the failure to file a Rule 56(d) affidavit if "the nonmoving party, through no fault of its own, has had little or no opportunity to conduct discovery, and . . . fact-

11

intensive issues . . . are involved," and "the nonmoving party has adequately informed the district court that the motion is pre-mature and that more discovery is necessary." *Id.* This case is pre-discovery, and therefore Czach is not at fault for not conducting discovery into the relationship between IHG Resources and the Hotel.  Nevertheless, Czach does not need any discovery to show that he relied on a belief that the Hotel was an agent of IHG Resources.  Additionally, any discovery to establish an actual agency relationship between IHG Resources and the Hotel "would amount to a fishing expedition," which is impermissible. *See Fletcher v. H.B. Props. Enters. Inc.*, No. JMC-19-2389, 2020 WL 3000497, at *4 (D. Md. June 4, 2020) (noting that "'[w]here a Rule 56(d) request is "grounded in speculation" or "would amount to a fishing expedition," courts tend to deny the request,'" and denying request for discovery because the plaintiff did not file a Rule 56(d) affidavit and the plaintiff's "request d[id] not specifically articulate what discovery is necessary nor how such is relevant to the pending motion" (quoting *Lowman v. Md. Aviation Admin.*, No. JKB-18-1146, 2019 WL 133267, at *9 (D. Md. Jan. 8, 2019))).

Another ground for denying Czach's request for discovery is the fact that he did not file an opposition to IHG Resources' motion to dismiss his amended complaint or for summary judgment. Therefore, Czach's request for discovery, made only in his opposition to defendants' now-moot motion and unsupported by an affidavit or declaration, is denied.  *See* Fed. R. Civ. P. 56(d); *Harrods*, 302 F.3d at 244; *Fletcher*, 2020 WL 3000497, at *4.

Because Czach has not identified even a scintilla of evidence that an actual or apparent agency relationship existed, and because the undisputed facts on the record before me demonstrate that IHG Resources is entitled to judgment as a matter of law, IHG Resources' unopposed motion for summary judgment is granted.  *See Anderson*, 477 U.S. at 251.

### B. Claims against HH Annapolis, HHC TRS, and Remington Lodging

Defendants HH Annapolis, HHC TRS, and Remington Lodging argue that Czach cannot state a claim against them because the statute of limitations expired before he named them as defendants in his amended complaint. Defs.' Mem. 10. It is true that the statute of limitations for Czach's tort claims stemming from the July 22, 2016 incident ran on July 22, 2019. Md. Code Ann., Cts. & Jud. Proc. § 5-101. Czach filed suit in state court three days before the statute of limitations period expired, but he did not file the amended complaint naming the defendants until February 19, 2020, nearly seven months after the statute of limitations period ran.

Even so, a late-filed amendment may be timely under the relation back doctrine. *See* Fed. R. Civ. P. 15(c)(1). When a plaintiff files an amended complaint and, as here, "the amendment changes the party or the naming of the party against whom a claim is asserted," two criteria must be met for the amendment to "relate[] back to the date of the original pleading." Fed. R. Civ. P. 15(c)(1)(C). First, the plaintiff must show "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Second, the plaintiff must show that,

> within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C); *see also McCray v. Hous. Auth. of Baltimore City*, No. RDB-18-2271, 2019 WL 4120750, at *7 (D. Md. Aug. 29, 2019) ("[W]hen relation back is required to satisfy the statute of limitations, the burden is on the plaintiff to prove that Rule 15(c) is satisfied." (quoting *Covey v. Assessor of Ohio Cty.*, 666 F. App'x 245, 248 (4th Cir. 2016))). Rule 4(m) requires a plaintiff to serve a defendant within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). For

cases removed from state court like this case, "the Rule 4(m) time period starts to run upon removal to the federal district court, not the date the action was originated in state court."  *See Brower v. AT&T Mobility Servs.*, LLC, No. RDB-18-2207, 2018 WL 4854168, at *3 (D. Md. Oct. 5, 2018) (quoting 4B Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 1137 (4th ed. 2015)); *see also Thompson v. Dollar Tree Stores, Inc.*, No. PWG-17-3727, 2019 WL 414881, at *3 (D. Md. Feb. 1, 2019) (finding 90-day Rule 4(m) service period begins upon removal to this Court in the Rule 15(c) context).

### *1. Notice*

The criteria necessary for the relation back of the amended complaint are met.  First, Rule 15(c)(1)(B) is satisfied.  The amended complaint asserts claims arising out of the same conduct alleged in the original pleading.  *Compare* Compl. *with* Am. Compl.; *see also* Pl.'s Opp'n to Defs.' Mot. 6.  Second, the plain language of Rule 15(c)(1)(C)'s notice requirement has been met.  *See* Pl.'s Opp'n to Defs.' Mot. 7–8; Defs.' Reply 6, 8.  In this regard, *Robinson v. Clipse*, 602 F.3d 605 (4th Cir. 2010), provides guidance.

In *Robinson*, the newly-named defendant was served with the amended complaint after the statute of limitations had run but within the Rule 4(m) period, and before the original defendant filed an answer or discovery commenced.  602 F.3d at 608–09.  The Fourth Circuit concluded that the defendant "received notice within the appropriate time period" because "actual service of the complaint clearly satisfies the notice requirement."  *Id*. at 609 (quoting *Urrutia v. Harrisburg Cty. Police Dep't*, 91 F.3d 451, 461 (3d Cir. 1996)).  It also concluded that there was no prejudice in the delay, such that Rule 15(c)(1)(C)(i) was satisfied, because, "at the time Clipse received notice, 'the proceedings [had] not advanced to the point that [he could] show any prejudice with regard to [his] presentation or preparation of [his] defense.'"  *Id*. (*quoting Bryant Elec. Co. v. Joe Rainero*

14

*Tile Co.,* 84 F.R.D. 120, 124 (W.D. Va. 1979)).  As for Rule 15(c)(1)(C)(ii), the Fourth Circuit concluded that "Clipse knew within the limitation period that he was the party Robinson intended to sue" because "Clipse was served . . .within the Rule 4(m) period" and "[t]he amended complaint named Clipse as a defendant in his individual capacity." *Robinson*, 602 F.3d at 610.  Thus, Clipse 'has been given fair notice of [the original] claim within the limitation [ ] period.'" *Id.* (quoting *Goodman v. Praxair, Inc.*, 494 F.3d 458, 471 (4th Cir. 2007)).

Here, the defendants were given fair notice of the claims against them within the Rule 15(c) limitation period.  The case was removed to this Court on January 15, 2020, and Czach served the defendants with the amended complaint on April 6, 2020, before the 90-day service period expired. *See* Fed. R. Civ. P. 4(m); *Thompson*, 2019 WL 414881, at *3; *Brower*, 2018 WL 4854168, at *3. At that time, the original defendants' motion to dismiss was pending, and the case had not proceeded to an answer.  Therefore, the defendants received actual, timely notice of the lawsuit through service of the amended complaint before the original defendants answered or discovery began, such that they will not be prejudiced in defending it on its merits.  *See* Fed. R. Civ. P. 15(c)(1)(C)(i); *Robinson*, 602 F.3d at 609.  Further, service of the amended complaint naming them as defendants put them on notice during the Rule 4(m) period that they were "the part[ies] [Czach] intended to sue."  *See Robinson*, 602 F.3d at 610; Fed. R. Civ. P. 15(c)(1)(C)(ii). Therefore, the amendment relates back to the date the original complaint was filed and is not barred by the statute of limitations.

Defendants HH Annapolis, HHC TRS, and Remington Lodging acknowledge that Czach effected service within the 4(m) period once the case was removed.  Defs.' Reply 2–3.  They also acknowledge that "the plain language of the relation back rule, FRCP 15(c)(1)(C), does not draw a distinction for cases which have been left to fester in state court beyond the limitations deadline

prior to removal." *Id.* at 6.  Despite this language, defendants make an equitable argument for dismissal.  They argue that the Court should not allow plaintiff's claims against them to go forward because doing so would "amount[] to an extension of the limitations deadline" and be "inconsistent" with "the purpose of the Rule, which is to permit a party to correct formal defects within the initial timeframe for service." *Id.*  The substantial delay in filing an amended complaint in this case, they argue, was caused by Czach's failure to prosecute the case in state court for five months.  They insist that the eight-month delay between the running of the limitations period and the date of service, for which Czach is responsible, should preclude operation of the relation back doctrine.  Defendants cite no case law to support this proposition, and the Court has found none.

The delay between the end of the statute of limitations period and the service of the amended complaint eight months later does not alter the relation back analysis under Rule 15.  As the defendants concede, Rule 15 does not distinguish between cases originally filed in federal court, where the Rule 4(m) period starts with the initiation of litigation, and cases filed in state court and later removed to federal court, where Rule 4(m) restarts the clock for service at the time of removal, irrespective of how long the case was pending in state court.  *See* Defs.' Reply 6; Fed. R. Civ. P. 15(c)(1)(C).  In addition, the advisory committee's reasoning behind its amendment to Rule 15 thirty years ago defeats defendants' argument that notice within the Rule 4(m) period may be untimely.  The 1991 amendment introduced a reference to Rule 4(m), a revision the advisory committee noted was intended to "change the result in *Schiavone v. Fortune*, [477 U.S. 21 (1986)]." Fed. R. Civ. P. 15(c)(3) advisory committee's note to 1991 amendment.[5]  In *Schiavone*, the Supreme Court held that notice needed to occur "within the limitations period," not the period for service under Rule 4(m).  477 U.S. at 30, 31.  The advisory committee clarified that "[i]f the

---

[5] Rule 15(c)(3) has been renumbered as Rule 15(c)(1)(C).

notice requirement is met within the Rule 4(m) . . . period, a complaint may be amended at any time to correct a formal defect such as a misnomer or misidentification." Fed. R. Civ. P. 15(c)(3) advisory committee's note to 1991 amendment; *see also Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 545, 545 (2010) (noting that an amendment naming a new defendant relates back if the new party knew or should have known of the action and its potential liability "within the Rule 4(m) period" (citing Fed. R. Civ. P. 15(c)(1)(C)(ii)); *see also Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010) ("The 'limitation period' for purposes of analyzing whether the newly added defendant received notice and should have had knowledge of the action is the Federal Rule of Civil Procedure 4(m) service period . . . .").

The Supreme Court in *Krupski* later observed that "the purpose of relation back [is] to balance the interest of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on the merits." *Id.* at 550 (citing Fed. R. Civ. P. 15 advisory committee's Notes to 1966 amendment).  It reasoned:

> A prospective defendant who legitimately believed that the limitations period had passed without any attempt to sue him has a strong interest in repose. But repose would be a windfall for a prospective defendant who understood, or who should have understood, that he escaped suit during the limitations period only because the plaintiff misunderstood a crucial fact about his identity.

*Id.*

Particularly relevant here is the *Krupski* Court's holding that alleged dilatory conduct by the plaintiff is not grounds for denying relation back if Rule 15(c)(1)(C)'s notice requirements are satisfied.  560 U.S. at 552–53.  The Supreme Court found "no support for [the] view that a plaintiff's dilatory conduct can justify the denial of relation back under Rule 15(c)(1)(C)." *Id.* at

552–53.[6]  Additionally, the Court noted "[t]he mandatory nature of the inquiry for relation back under Rule 15(c)," which requires "relation back once the Rule's requirements are satisfied."  *Id.* at 553.  It observed that "[t]he Rule plainly sets forth an exclusive list of requirements for relation back, and the amending party's diligence is not among them."  *Id.*  Thus, the focus is on "what the prospective defendant knew or should have known during the Rule 4(m) period," without regard to whether the plaintiff caused the delay in notice.  *Id.* at 548, 553.  That the suit in *Krupski* was not removed from state court does not make the decision any less applicable to this case. Defendants' desired outcome simply is not consistent with the language of Rule 15(c)(1)(C) or the Supreme Court's interpretation of the rule.

The Court finds that plaintiff served the defendants with the amended complaint within the Rule 4(m) period, and all requirements of Rule 15(c)(1) have been met.  Therefore, plaintiff's claims relate back to his original pleading and were timely filed.  *See* Fed. R. Civ. P. 15(c)(1)(C); *Krupski*, 560 U.S. at 550; *Thompson*, 2019 WL 414881, at *3.

### 2.   *Identity of Interests*

Defendants HH Annapolis, HHC TRS, and Remington Lodging argue that "15(c)(l)(C) is not satisfied because there is an insufficient basis to conclude that notice of this action to any of the original improperly named Defendants can fairly be presumed to constitute notice of this action to any of the newly-added Defendants."  Defs.' Reply 16.  They maintain that they do not "share an 'identity of interest'" with the original defendants "so as to justify application of the 'relation back' doctrine."  Defs.' Mem. 12–13.  The Court disagrees.

---

[6] A plaintiff's delay could be "relevant . . . to the extent it may have informed [the new defendant's] understanding during the Rule 4(m) period of whether [the plaintiff] made a mistake originally." *Id.* at 560 U.S. at 555.

When a plaintiff initially names the wrong corporate entity and then amends to name the correct entity *after* the Rule 4(m) notice period has run, the Court must determine whether there is an identity of interests for the amendment to relate back. *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 471 (4th Cir. 2007). There is an identity of interests among "a group of closely related and functioning business entities or corporations," such that "when a plaintiff alleges a comprehensible claim against one of [them], the other entities in that group, barring a contrary showing, will be charged with knowledge under Rule 15[ ] of the entity properly answerable to the claim." *Wilkins v. Montgomery*, 751 F.3d 214, 225 (4th Cir. 2014) (quoting *Goodman,* 494 F.3d at 475). In *Wilkins*, the Fourth Circuit noted it found an identity of interests in *Goodman*, where "the business entities in question were a parent and subsidiary corporation, which were represented by the same lawyers." *Id.* (citing *Goodman*, 494 F.3d at 475).

As an initial matter, an identity of interest analysis is not necessary here because the defendants received actual notice of the amended complaint within the Rule 4(m) period such that it would not be prejudiced in defending on the merits. *Compare Krupski*, 560 U.S. at 545, 550 (evaluating identity of interests when amendment occurred after the Rule 4(m) period), *with Robinson*, 602 F.3d at 610 (not considering relationship between original and new defendant where new defendant received actual, timely notice through service of the amended complaint). Moreover, contrary to defendants' assertion, it does not matter whether notice of this action to the original defendants constituted sufficient notice of the action to the newly-added defendants. What matters is whether the newly-added defendants received notice during the time period under Rule 15(c)(1)(C). They did.

In any event, even if the newly-added defendants were not given actual notice of the amendment during the limitation period provided by Rule 15(c)(1)(C), the amended complaint

nonetheless would relate back because they share an identity of interest with the original defendants.

Ashford, one of the original defendants, filed a corporate disclosure pursuant to Local Rule 103.3, stating that it

> is the public REIT that owns the following parent companies: Ashford OP General Partner LLC and Ashford OP Limited Partner LLC. Ashford OP General Partner LLC and Ashford OP Limited Partner LLC own Ashford Hospitality Limited Partnership. Ashford Hospitality Limited Partnership owns Ashford TRS Corporation and PIM Highland TRS Corporation. PIM Highland TRS Corporation owns HHC TRS Baltimore II, LLC.

> Ashford Hospitality Trust, Inc. is the public REIT that owns the following parent companies: Ashford OP General Partner LLC and Ashford OP Limited Partner LLC. Ashford OP General Partner LLC and Ashford OP Limited Partner LLC own Ashford Hospitality Limited Partnership and PIM Highland Holding LLC. PIM Highland Holding LLC owns HH Annapolis Holding LLC. HH Annapolis Holding LLC owns HH Annapolis LLC.

ECF No. 12.  Thus, Ashford owns companies that in turn own defendants HHC TRS and HH Annapolis.  *See id.*  Also, "Ashford Hospitality Services, Inc. owns Remington Holdings LP. Remington Holdings LP owns Remington Hotels LLC."  Loc. R. 103.3 Disclosure, ECF No. 14.

Remington Lodging, HHC TRS, and HH Annapolis have not filed Local Rule 103.3 disclosures.  According to public records, Remington Lodging listed its address as 14185 Dallas Parkway, Suites 1150, Dallas, Texas 75254 on its Annual Report/Personal Property on Maryland.gov.  ECF No. 37-10.  Remington Hotels, one of the original defendants, listed the same address for its principal offices on its registration forms with the Maryland State Department of Assessments and Taxation.  ECF No. 27-5.  HHC TRS provided the same street

address for its principal offices as Remington Hotels and Remington Lodging, with the suite number listed as 1100 instead of 1150.  ECF No. 27-6.[7]

Finally, the original defendants and the properly named defendants are represented by the same attorney.

In light of this information about the various corporate entities, the Court is satisfied that, to the extent an identity of interests is relevant to the relation back analysis, there is one between original defendants Ashford and Remington Hotels and defendants HHC TRS, HH Annapolis, and Remington Lodging.  They are "closely related and functioning business entities," including parent and subsidiary corporations, that share office space and counsel.  *See Wilkins*, 751 F.3d at 225; *Goodman*, 494 F.3d at 475.

Because plaintiff served the defendants with the amended complaint within the Rule 4(m) period and because all of the requirements in Rule 15(c)(1) have been met, plaintiff's claims were timely filed.  *See* Fed. R. Civ. P. 15(c)(1)(C); *Krupski*, 560 U.S. at 550; *Thompson*, 2019 WL 414881, at *3.  The defendants' motion to dismiss is denied.

## ORDER

For the reasons stated above, it is, this 20th day of October, 2020, hereby ORDERED that:

1.  Defendants InterContinental Hotels Group Resources, LLC, Ashford Hospitality Trust, Inc., and Remington Hotels, LLC's motion to dismiss or, in the alternative, motion for summary judgment, ECF No. 22, treated as a motion to dismiss, IS DENIED as moot;

---

[7] The Court may take judicial notice of matters of public record on a motion to dismiss without converting it to a motion for summary judgment.  *See* Fed. R. Evid. 201; *Sec'y of State for Def. v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

2.  Defendant InterContinental Hotels Group Resources, LLC's motion to dismiss the amended complaint or, in the alternative, motion for summary judgment, ECF No. 29, treated as a motion for summary judgment, IS GRANTED;

3.  Judgment IS ENTERED in favor of InterContinental Hotels Group Resources, LLC on Counts I and II; and

4.  Defendant HH Annapolis LLC, HHC TRS Baltimore II LLC, and Remington Lodging & Hospitality, LLC's motion to dismiss amended complaint or, in the alternative, motion for summary judgment, ECF No. 36, treated as a motion to dismiss, IS DENIED.


_____/S/_____
Deborah L. Boardman
United States Magistrate Judge