IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THOMAS P. CZACH, | * | |
| Plaintiff, | * | |
| v. | * | No. BPG-20-125 |
| HH ANNAPOLIS, LLC, ET AL. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

The above referenced case was referred to the undersigned for all proceedings with the consent of the parties, pursuant to 28 U.S.C. 636(c) and Local Rule 301.4. (ECF No. 21). Currently pending are defendants' Motion for Summary Judgment ("defendants' Motion") (ECF No. 70), plaintiff's Response to Defendants' Motion for Summary Judgment ("plaintiff's Response") (ECF No. 73), and defendant's Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment ("defendants' Reply") (ECF No. 74). No hearing is deemed necessary. Loc. R. 105.6. For the reasons discussed herein, defendants' Motion (ECF No. 70) is granted.

**I.     BACKGROUND**

In ruling on a motion for summary judgment, this court considers the facts and draws all reasonable inferences in the light most favorable to the non-moving party, which is the plaintiff in this case. Scott v. Harris, 550 U.S. 372, 378 (2007). On July 22, 2016, plaintiff Thomas P. Czach ("plaintiff") was a guest at the Crowne Plaza Annapolis Hotel (the "Hotel") located at 173 Jennifer Road, Annapolis, Maryland. (ECF No. 26 at ¶¶ 13-14). Plaintiff alleges that, at approximately 8:30 p.m., he encountered a young woman, Jameria Bridges, near the ice machine on the floor of his guest room. (Id. at 18). The two engaged in a brief conversation, in which plaintiff alleges he

1

jokingly offered that he had beer to go with Ms. Bridges' pizza. (ECF No. 73 at 2). Plaintiff further alleges that, at approximately 10:30 p.m., he invited Ms. Bridges, and another individual (collectively, the "Assailants"), who he believed were guests at the hotel, into his guest room, for the purpose of sharing mixed alcoholic drinks. (ECF No. 26 at ¶¶ 15-17, 20). Plaintiff claims that the Assailants "tied him up, burned him with a clothes iron, and threatened [him] with severe bodily harm." (Id. at ¶ 20).

On July 19, 2019, plaintiff filed his original complaint against InterContinental Hotel Group Resources, LLC ("IHG Resources"), Ashford Hospitality Trust, Inc., and Remington Hotels, LLC, in the Circuit Court for Anne Arundel County, Maryland. (ECF No. 5 at ¶¶ 1-4). On January 15, 2020, defendants filed a Notice of Removal in this court on the grounds of diversity of citizenship pursuant to 28 U.S.C. § 1332(a). (ECF No. 1). Thereafter, on February 19, 2020, plaintiff amended his complaint to name the proper defendants, HH Annapolis, HHC TRS, and Remington Lodging & Hospitality, LLC, and retaining defendant IHG Resources, which plaintiff maintained could be held liable for negligence. (ECF No. 26). On March 4, 2020, IHG Resources filed a Motion to Dismiss the Amended Complaint. (ECF No. 29). On July 2, 2020, the remaining defendants filed a Motion to Dismiss the Amended Complaint. (ECF No. 36). In a Memorandum Opinion and Order dated October 20, 2020, the court granted IHG Resources' Motion to Dismiss and denied HH Annapolis, HHC TRS, and Remington Lodging's Motion to Dismiss. (ECF No. 41). Plaintiff's complaint includes claims for negligent security and negligent, hiring, retention, training, and/or supervision against each of the three remaining defendants. (ECF No. 26 at ¶¶ 36-83). Plaintiff seeks damages in excess of $75,000 from each defendant. (Id.) Fact discovery closed on March 29, 2022, and thereafter, the pending Motion and related pleadings were filed.

II.     **STANDARD OF REVIEW**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute remains "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is properly considered "material" only if it might affect the outcome of the case under the governing law. Id. The party moving for summary judgment has the burden of demonstrating the absence of any genuine issue of material fact. Fed. R. Civ. P. 56(a); Pulliam Inv. Co., Inc. v. Cameo Props., 810 F.2d 1282, 1286 (4th Cir. 1987). On those issues for which the non-moving party will have the burden of proof, however, it is his or her responsibility to oppose the motion for summary judgment with affidavits or other admissible evidence specified in Federal Rule of Civil Procedure 56. Fed. R. Civ. P. 56(c); Mitchell v. Data Gen. Corp., 12 F.3d 1310, 1315-16 (4th Cir. 1993). If a party fails to make a showing sufficient to establish the existence of an essential element on which that party will bear the burden of proof at trial, summary judgment is proper. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

When reviewing a motion for summary judgment, the court does not evaluate whether the evidence favors the moving or non-moving party, but considers whether a fair-minded jury could return a verdict for the non-moving party on the evidence presented. Anderson, 477 U.S. at 252. In undertaking this inquiry, the court views all facts and makes all reasonable inferences in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The non-moving party, however, may not rest on its pleadings, but must show that specific, material facts exist to create a genuine, triable issue. Celotex, 477 U.S. at 324. A "scintilla" of evidence in favor of the non-moving party, however, is insufficient

to prevent an award of summary judgment. Anderson, 477 U.S. at 252. Further, "mere speculation" by the non-moving party or the "building of one inference upon another" cannot create a genuine issue of material fact. Cox v. Cnty. of Prince William, 249 F.3d 295, 299-300 (4th Cir. 2001). Summary judgment should be denied only where a court concludes that a reasonable jury could find in favor of the non-moving party. Anderson, 477 U.S. at 252.

## III.     DISCUSSION

Defendants move for summary judgment, arguing that plaintiff cannot establish a prima facie case of negligence. Defendants identify two grounds upon which they contend summary judgment should be granted. First, defendants maintain that they had no duty to protect plaintiff from the intentional, criminal acts of third parties. (ECF No. 70-1 at 10-13). Second, assuming defendants did owe a duty of care and such duty of care was breached, defendants contend that their failure to act was not a proximate cause of plaintiff's injury. (ECF No. 70-1 at 13-23). Defendants identify three superseding causes, which they allege broke the chain of causation between any negligence on defendants' part and plaintiff's injury: (1) plaintiff inviting the Assailants into his guest room, (2) plaintiff failing to leave the room when he had the opportunity to do so, and (3) the intentional, criminal act of the Assailants. (Id. at 13-14, ECF No. 74 at 8). To assert a claim of negligence in Maryland, plaintiff must prove that: (1) defendants were under a duty to protect plaintiff from injury, (2) defendants breached that duty, (3) plaintiff suffered actual injury or loss, and (4) the injury or loss proximately resulted from defendants' breach of duty.[1] See 100 Ltd. P'ship v. Columbia Town Ctr. Title Co., 430 Md. 197, 212-13, 60 A.3d 1, 10 (2013).

---

[1] Because the court's jurisdiction over this matter is based on diversity of citizenship, the court must apply Maryland law to issues of substantive law. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938); Wells v. Liddy, 186 F.3d 505, 527-28 (4th Cir. 1999) ("As a court sitting in

4

### a. **Duty**

The existence of a legal duty is a question of law to be decided by the court unless the existence of the duty "depends on a determination of a dispute of material fact," in which case a factual finding should be made by the jury. Todd v. Mass Transit Admin., 373 Md. 149, 155, 816 A.2d 930 (2003). "In the absence of a duty of care, there can be no liability in negligence." Maryland caselaw recognizes that "the relationship of innkeeper and guest is sufficient to give rise to a duty . . . of reasonable care." Corinaldi v. Columbia Courtyard, Inc., 162 Md. App. 207, 220-21, 873 A.2d 483, 490-91 (Md. Ct. Spec. App. 2005) (citing Lovelace v. Anderson, 366 Md. 690, 719 n.7, 785 A.2d 726 (2001)). A duty of reasonable care, however, "does not ordinarily extend to protecting invitees from the intentional, criminal acts of third persons." Crinkley v. Holiday Inns, Inc., 844 F.2d 156, 160 (4th Cir. 1988). Generally, in the absence of a statute, contract, or special relationship, the owner of a premises has no duty to protect a victim from the criminal acts of a third party. See Scott v. Watson, 278 Md. 160, 166, 359 A.2d 548, 552 (1976). In Corinaldi, the Maryland Court of Special Appeals described three theories upon which "[a] business owner may owe a duty to prevent third-party criminal activity on the premises[, including]: (1) where a dangerous condition on the premises contributed to past similar criminal activity; (2) where the third party's past criminal activity made the harm foreseeable and preventable; and (3) where the events leading up to the criminal activity made the harm foreseeable and preventable." Corinaldi, 162 Md. App. at 223, 873 A.2d at 492; Nguyen v. MGM National Harbor, LLC, GLS-21-1602, 2022 WL 4290577, at *5 (D. Md. Sep. 16, 2022).

---

diversity, we have an obligation to interpret the law in accordance with the Court of Appeals of Maryland, or where the law is unclear, as it appears that the Court of Appeals would rule.").

The parties' arguments implicate the third theory described in Corinaldi, whether defendants had "knowledge of events occurring on the premises, prior to and leading up to the assault, [making] imminent harm foreseeable." 162 Md. App. At 224, 873 A.2d at 492. Defendants maintain that the criminal conduct committed by the Assailants in plaintiff's guest room "occurred separate and apart from any action by the Hotel," and thus no duty arose. (ECF No. 70-1 at 10). Plaintiff responds that the actions of the Assailants were both foreseeable and preventable. (ECF No. 73 at 10). Specifically, plaintiff argues that defendants knew a housekeeper's keycard was reported lost and that the Hotel violated its own policy by not deactivating the card. (Id.) A duty to protect exists where a property owner has "knowledge of events occurring on the premises, prior to and leading up to the assault, [making] imminent harm foreseeable." Nguyen, 2022 WL 4290577, at *7 (citing Corinaldi, 162 Md. App. at 224, 873 A.2d at 492). Plaintiff must, therefore, establish both that there was "sufficient notice of events on the premises to make the harm foreseeable" and "a time delay between receiving notice and acting to address the harm, such that the harm was preventable." Id. Construing all of the facts in favor of plaintiff, including that it was reported to defendants that a keycard was lost, there are insufficient facts to support imposing a duty upon defendants.

The undisputed facts show that the incident involving plaintiff was neither foreseeable nor preventable. First, foreseeability can be demonstrated in several ways, including by evidence of (1) prior criminal activity on the premises, (2) prior criminal activity by the third party, or (3) notice to defendants that the harm was imminent. See Corinaldi, 162 Md. App. at 223-24. Plaintiff suggests that this "was not the only instance in which the Hotel allowed unauthorized access to a room," such that defendants should have been on notice that criminal activity could occur at the Hotel. (ECF No. 73 at 3). To that end, plaintiff relies on an event that took place in 2015, wherein

guests at the Hotel overstayed in their room, but no other criminal activity occurred. Specifically, three men were removed from the premises after remaining in a guest room for three days past the termination of their stay. (Id.; ECF No. 73-3 at 28). There is no evidence to suggest that the men were able to overstay by accessing a master keycard. Accordingly, that dissimilar event cannot be said to have put defendants on notice that a stolen master keycard could be used to facilitate an assault and robbery. Next, plaintiff argues that the incident was foreseeable, because "[t]his incident was not the only occasion [on which] Ms. Bridges attempted to use a keycard to commit a crime." (Id.) The other occasion plaintiff points to, however, occurred at a different hotel, the Hilton Garden Inn, after the incident involving plaintiff (Id. at 3), and thus has no effect on whether the injury to plaintiff was foreseeable.

Finally, plaintiff puts forth insufficient evidence to suggest that defendants were aware that the Assailants were in possession of a stolen keycard or, more broadly, that the Assailants were on the premises on the night of the incident. The parties agree that one of the Assailants, Ms. Bridges, was a former employee of the Hotel, and came into possession of a master keycard issued to a housekeeper, Kevin Mason. (ECF Nos. 70-1 at 14, 73 at 10-11). The keycard had been reported lost one week prior to the incident. (ECF No. 73 at 10). Notably, the parties also agree that the stolen keycard was used for the first time on the night of the incident, only two hours prior to the assault and robbery. (ECF Nos. 70-1 at 14, 73 at 5). Plaintiff points to the fact that, on the night of the incident, another guest tried to check in to the room the Assailants were occupying, Room 328, and discovered the Assailants inside. (ECF 73 at 5). The guest was assigned a new room and the front desk auditor "sent a security guard to inspect the room." (Id. (citing State v. Allen, No. C-02-CR-16-1633, Trial Tr. at 149-50 (May 7, 2017) (testimony of Sheria Offer)). Although plaintiff maintains that there is no evidence to support that a security guard did go to the room,

plaintiff offers no evidence to refute this point. While the Court must draw all justifiable inferences in favor of the non-moving party, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Scott, 550 U.S. at 380 (quotations omitted). In the absence of any contradictory evidence on the record, the only inference that can be drawn from the front desk auditor's statement is that she, at the very least, instructed a security guard to inspect the room. On these undisputed facts, it was unforeseeable by defendants that the Assailants were on the premises that evening, had gained access to a master keycard, and intended to assault and rob plaintiff.

With respect to preventability, plaintiff contends that "[i]f the Assailants were not allowed access to the working master keycard, the situation involving [plaintiff] would have been preventable" both because the Assailants would have been discovered roaming the halls and plaintiff would not have let the Assailants into his guest room. (ECF No. 73 at 12). Plaintiff's argument, however, fails to address whether the events of that night as they actually did occur were preventable by defendants. To the contrary, plaintiff must show that there was sufficient time between defendants becoming aware of the harm and the occurrence of the harm, such that defendants could have acted to prevent the incident from occurring. See Corinaldi, 162 Md. App. at 224, 873 A.2d at 492. Defendants were not aware that plaintiff was injured until plaintiff convinced the Assailants to go to the lobby, where he called out for help. (ECF No. 70-2 at 61). At that point, defendants called the police and the Assailants fled. Until that time, defendants did not know that the Assailants were at the Hotel on the night of the incident. Moreover, defendants did not know, and plaintiff states no reason to believe defendants should have known, that the Assailants had access to a master keycard, or that plaintiff faced imminent harm at the hands of

the Assailants. Accordingly, the Court concludes that defendants did not owe plaintiff a duty of care to protect him from the acts of the Assailants.

### b. **Proximate Cause**

Defendants argue that in the event a breach of their duty to protect plaintiff was found, the chain of causation between that breach and plaintiff's injury was severed by three separate superseding causes. First, defendants maintain that plaintiff's own actions were a superseding cause of his injuries because plaintiff invited the Assailants into his guest room and thus provided them with the opportunity to engage in the criminal acts. (ECF No. 70-1 at 13-14). Second, defendants suggest that when plaintiff began to feel uncomfortable and had an opportunity to leave, but remained in the guest room, his actions constituted a superseding cause. (ECF No. 74 at 8). Third, defendants note that the intentional, criminal conduct of third parties is a quintessential superseding cause relieving them of liability. (Id.) Because defendants first and second arguments involve actions of the plaintiff that defendant contends were negligent, the Court will examine them together. Assuming for the sake of argument that defendants owed plaintiff a duty to protect him from the violent acts of the Assailants, defendants' actions were not a proximate cause of plaintiff's injury as a matter of law.

With respect to defendants' first and second arguments, defendants contend that by inviting the Assailants into his guest room and by not taking the opportunity to leave the room when he became uncomfortable, plaintiff's actions constituted a superseding cause. This argument, however, may be better framed as one based in contributory negligence. When interpreted as such, it is clear that these arguments should be left for the jury. Contributory negligence is "the doing of something that a person of ordinary prudence would not do, or the failure to do something that a person of ordinary prudence would do, under the circumstances." Thomas v. Panco Mgmt. of

Maryland, LLC, 423 Md. 387, 417-18, 31 A.3d 583, 602 (2011) (citations and quotation marks omitted).  While contributory negligence may be decided as a matter of law, a court may do so only in "very narrow circumstances."  Dell v. DeTar, No. JFM-16-887, 2017 WL 3835679, at *6 (D. Md. 2017) (citing Catler v. Arent Fox, LLP, 212 Md. App. 685, 727-28, 71 A.3d 155, 180 (2013) ("To establish contributory negligence as a matter of law, the act relied on must be distinct, prominent and decisive, and one about which ordinary minds cannot differ."))  A reasonable jury could find that plaintiff was not contributorily negligent in inviting the Assailants into his room for a drink, given that he believed they were also hotel guests, and that he had spoken to Ms. Bridges earlier in the day, at which time he offered her a drink.  (ECF No. 26 at ¶¶ 15-17, 20).  To that end, plaintiff's expert states that "[i]t's very common to meet people in a hotel . . . [G]et a drink, get together."  (ECF Nos. 73 at 6, 73-8 at 18)).  Accordingly, there are factual disputes precluding summary judgment regarding whether plaintiff's conduct in allowing the Assailants into his room and in failing to leave after he began to feel uncomfortable constituted superseding causes of plaintiff's injury.

Summary judgment is appropriate, however, on the issue of whether the intentional, criminal acts of the Assailants constituted a superseding cause severing the chain of causation.  The doctrine of intervening and superseding negligence allows a defendant "to avoid liability where damages have been caused by a third party or a force that was entirely unforeseeable, so much so that it could hardly be said that the injury was the result of the defendant's negligence."  Rawls v. United States, 778 F.2d 1009, 1015-16 (4th Cir. 1985); Restatement (Second) of Torts § 440 (1995) ("A superseding cause is an act of a third person or other force which by its intervention prevents the actor from being liable for harm to another which his antecedent negligence is a substantial factor in bringing about").  "There is normally much less reason to anticipate [negligent] acts on

the part of others . . . , and this is all the more true where, as is usually the case, such acts are criminal. Under all ordinary and normal circumstances, in the absence of any reason to expect the contrary, the actor may reasonably proceed upon the assumption that others will obey the criminal law." Valentine v. On Target, Inc., 353 Md. 544, 727 A.2d 947, 951 (1999) (quoting W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 30, at 356 (5th ed. 1984)). While the determination of proximate cause is typically a question for the trier of fact, "when the evidence presented and the logical inferences deducible therefrom admit of but one conclusion, the question becomes one of law." Caroline v. Reicher, 269 Md. 125, 131, 304 A.2d 831 (1973).

Defendants argue that because the incident was not a foreseeable consequences of its failure to detect the presence of the Assailants and deactivate the keycard that allowed them access to Room 328, the Assailants' criminal conduct constituted a superseding cause. A superseding act breaks the chain of causation when "the intervening event set in motion by the negligent conduct was [un]foreseeable." Collins v. Li, 176 Md. App. 502, 542, 933 A.2d 528, 551 (Md. Ct. Spec. App. 2007). For the reasons noted above, the Assailants' criminal conduct on the night of the incident was unforeseeable. Because the criminal conduct of the Assailants was unforeseeable, it constitutes a superseding cause breaking the chain of causation between any negligence on the part of defendants. Accordingly, even if defendants owed a duty to plaintiff, defendants' actions were not a proximate cause of plaintiff's injury.

### IV.   CONCLUSION

For the foregoing reasons, defendant's Motion for Summary Judgment (ECF No. 70) is GRANTED. A separate order will be issued.

/s/
Beth P. Gesner
Date: October 20, 2022                                             Chief United States Magistrate Judge

11